·(22 App. Div. 453.)

### COSGRAY v. NEW ENGLAND PIANO CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.    November 30, 1897.)

·CORPORATIONS—D·CLARATIONS OF OFFICERS—EVIDENCE.
    The declarations of an agent or officer of a corporation are not admis-
    sible against it in evidence except when made as a part of the res gestæ, or
    in the performance of his duties as agent or officer.

Appeal from trial term.

Action by John G. Cosgray against the New England Piano Com- pany of New York.    From a judgment in favor of plaintiff, and from .an order denying a new trial, defendant .appeals.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and BRADLEY, JJ.

George William Hart, for appellant.
George A. Clement, for respondent.

PER CURIAM.    But one alleged error is urged upon this appeal. The action was brought to recover damages for the improper dis- charge of the plaintiff before the expiration of his term of employ· ment.    The defendant denied that the plaintiff was employed for .a definite term.    The contract of employment was made by the plaintiff and one Dygert, the treasurer of the defendant.    On the trial the plaintiff sought to prove, not by way of impeachment of Dygert, but as direct evidence, admissions alleged to have been made by Dygert to other persons.    This evidence the court ex- cluded.    The ruling was plainly correct.    The declarations of an .agent or officer of a corporation are not admissible, except when

made as a part of the res gestæ, or in the performance of his duties as agent or officer.    First Nat. Bank of Lyons v. Ocean Nat. Bank, 60 N. Y. 278.

The judgment and order appealed from should be affirmed, with costs.