PATTERSON v. WHITE STAR TOWING CO.

(Supreme Court, Appellate Term.    December 17, 1903.)

1. EVIDENCE—ADMISSION OF THIRD PERSON—RES GESTÆ.

Where, in an action for injuries by a tugboat, defendant's ownership of the boat was expressly denied, and the direct proof negatived defendant's ownership, evidence that defendant's vice president had admitted defendant's ownership and control of the boat in the course of a conversation testified to by a witness for plaintiff, but in no way connected with the res gestæ, was incompetent.

2. SAME—CORPORATIONS—OFFICERS—AUTHORITY—PRESUMPTION.

The authority of a vice president of a corporation to admit the corporation's ownership of a tugboat on which plaintiff was injured would not be presumed, and, in the absence of proof to connect such admission with the vice president's agency or official duty, it was inadmissible.

Appeal from City Court of New York, Trial Term.

Action by Thoman H. Patterson against the White Star Towing Company. From a judgment of the City Court in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Everett Masten, for appellant.

Franklin P. Trantmann, for respondent.

BISCHOFF, J. The defendant corporation's ownership or control of the tugboat upon which the plaintiff was injured, and its consequent liability for the act of negligence charged, was one of the main issues at the trial, and all the direct proof was to the effect that the boat was owned by certain individuals, and operated by them to the exclusion of any control by the defendant. Against this there was an inference which might have been drawn from the form in which the business of operating this boat was conducted connecting the defendant with the operation, and, without more, the jury might very properly have declined to take this possible inference as controlling over the apparently credible testimony of the fact of ownership. In this situation the reception of evidence to the effect that the defendant's vice president had admitted the defendant's ownership and control of the boat in the course of a conversation testified to by a witness for the plaintiff, but in no way connected with the res gestæ, was clearly prejudicial, and that the testimony was erroneously received cannot well be disputed. This evidence of an admission was brought out as part of the plaintiff's case, and served in no aspect to contradict anything in favor of the defendant, as suggested by the record at the time when the proof was offered. It was distinctly sought to be introduced as evidence of the fact of the defendant's control of the boat, was admitted for that purpose, and by no stretch of reasoning can any other ground be found for its admission. To bind the corporation, statements of its officers must be supported by authority to make them (the authority being a matter of inference from the duties performed), and the admissions must be made in the performance of the duty of the agency delegated to the officer. Utter v. R. R. Co., 6 Daly, 227; Alexander v. Cauldwell, 83 N. Y. 486; Cosgray v. N. E. Piano Co., 22 App. Div. 455, 48 N. Y. Supp. 7. In view of the broad executive authority to be implied from the office of president, the courts have sometimes found reason for charging the corporation with the admissions made by that officer as its general agent; but there is no such implication from the mere holding of the office of vice president, and beyond the fact that the person who made the admission in this case was vice president there was nothing in the proceedings at the trial to connect this asserted statement with any

agency or official duty delegated to the person making it. Within the rule to which we have alluded, the admission of ownership or control, as afforded by statements of its vice president to the witness, could not be received as competent evidence against the corporation, and the error committed in its reception calls for a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.